UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EL CAM BEY; NOBLE BERNIS EARL McGILL EL-BEY,<br><br>Plaintiff,<br><br>v.<br><br>DONNA LINDER; KRISTEN DePAUL; and CITY OF MODESTO,<br><br>Defendants. | No. 2:19-cv-1745 TLN DB PS<br><br>ORDER AND<br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff El Cam Bey is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned is defendants Donna Linder and Kristen DePaul's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 17.) For the reasons stated below, the undersigned will recommend that defendants' motion to dismiss be granted.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on September 4, 2019, by filing a complaint and motion to proceed in forma pauperis. (ECF Nos. 1 & 2.) However, on October 1, 2019, plaintiff paid the applicable filing fee. On October 23, 2019, defendant Kristen DePaul

1

filed a motion for an extension of time to file a responsive pleading to the original complaint. (ECF No. 7.) But on November 13, 2019, plaintiff filed an amended complaint.[1] (ECF No. 15.)

The amended complaint alleges that defendants Donna Linder, Kristen DePaul, and the City of Modesto have "deprived Plaintiffs of their rights under color of law, pursuant to 18 U.S.C. § 242 . . . . in violation of Plaintiffs United Nations, Human Rights, United Nations Right as Indigenous Peoples, United Nations Declaration on Granting the Independence to Colonial Countries and Peoples[.]"[2] (Am. Compl. (ECF No. 15) at 2.[3])

Specifically, on March 6, 2019, plaintiff "in keeping with the tribal ways and traditions of his Nation," attempted to record his "Notice of Interest documents" in Stanislaus County but "Clerk Recorder, Donna Linder . . . claimed they could not be recorded based on the alleged lack of provisions." (Id. at 4.) On April 1, 2019, plaintiff mailed his Notice of Interest to the Modoc County Clerk Recorder. (Id.) The documents were mailed back to plaintiff. (Id.) When plaintiff called to inquire as to why, "the Defendant claimed they were sent to the county assessor . . . and was apologetic[.]" (Id.)

On July 30, 2019, plaintiff presented "his Notice of Interest, and sons Affidavit of Truth." (Id.) "The Stanislaus County Recorder refused to record the Plaintiffs nationality documents two times that day." (Id.) Plaintiff later met "with Donna Linder herself," and was told the documents could not be recorded because the County "had no provisions for these documents." (Id. at 5.)

On November 27, 2019, defendants Kristen DePaul and Donna Linder filed the pending motion to dismiss. (ECF No. 17.) On January 17, 2020, the undersigned issued to plaintiff an order to show cause after plaintiff failed to file a timely opposition. (ECF No. 22.) Plaintiff filed

---

[1] Plaintiff's motion to proceed in forma pauperis and defendant's motion for an extension of time to file a responsive pleading to the original complaint are denied as having been rendered moot given that plaintiff has paid the applicable filing fee and filed an amended complaint.

[2] On January 17, 2020, the undersigned entered the parties' stipulated dismissal of defendant City of Modesto. (ECF No. 21.)

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

an opposition on January 27, 2020.  (ECF No. 23.)  Defendants filed a reply on February 14, 2020.  (ECF No. 25.)  Defendants' motion to dismiss was taken under submission on February 18, 2020.  (ECF No. 26.)  Plaintiff filed a sur-reply on March 2, 2020.[4]  (ECF No. 27.)

**STANDARDS**

**I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676

---

[4] The filing of a sur-reply is not authorized by the Federal Rules of Civil Procedure or the Local Rules.  See Fed. R. Civ. P. 12; Local Rule 230.  Nonetheless, in light of plaintiff's pro se status, the undersigned has considered the sur-reply in evaluating defendants' motion to dismiss.

1  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
2  statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove
3  facts which it has not alleged or that the defendants have violated the . . . laws in ways that have
4  not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,
5  459 U.S. 519, 526 (1983).
6       In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted
7  to consider material which is properly submitted as part of the complaint, documents that are not
8  physically attached to the complaint if their authenticity is not contested and the plaintiff's
9  complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles,
10 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

### I. Defendants' Motion to Dismiss

13    Review of defendants' motion to dismiss and plaintiff's amended complaint finds that the
14 motion to dismiss should be granted and plaintiff's amended complaint dismissed. In this regard,
15 the amended complaint appears to be devoid of any allegations related to defendant Kristen
16 DePaul. And the few vague and conclusory allegations related to defendant Donna Linder
17 recounted above fail to allege the elements of a claim.
18    Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a
19 complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that
20 state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v.
21 Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels
22 and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor
23 does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual
24 enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,
25 557). A plaintiff must allege with at least some degree of particularity overt acts which the
26 defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.
27    Moreover, the amended complaint seeks relief pursuant to 18 U.S.C. § 242 and 18 U.S.C.
28 § 641. (Am. Compl. (ECF No. 15) at 5.) These statutes, however, are criminal provisions and

"[c]ivil causes of action . . . do not generally lie under the criminal statutes contained in Title 18 of the United States Code." Del Elmer; Zachay v. Metzger, 967 F. Supp. 398, 403 (S.D. Cal. 1997); see also Mitchell-Bey v. City of Detroit, Civil Action No. 06-11746, 2007 WL 674595, at *3 (E.D. Mich. Feb. 28, 2007) ("a private citizen has no standing to bring an action for an alleged violation of the criminal code").

Plaintiff's opposition asserts that the defendants "acted outside of their ministerial positions and jurisdiction because they do not have the jurisdiction to threaten the Nobles and act as a tribunal," citing to the Treaty of Peace and Friendship between the United States and Morocco of 1787. (Pl.'s Opp.'n (ECF No. 23) at 2.)

> This view of legal obligations is espoused by many adherents to the Moorish Science Temple, which was founded in 1913 by prophet Noble Drew Ali. Moorish Science is a heterodox Islamic sect based on teachings of Drew and his "Seven Circle Koran." It is a tenet of Moorish Science that any adherent may adopt any title, and issue any documents, he pleases. Drew told his followers that they are not U.S. citizens and distributed "Moorish Passports." Some members of this sect hand out what they call "security agreements" that purport to oblige strangers to pay hefty sums for using the members' names, which they deem copyrighted under their private legal system.

U.S. v. James, 328 F.3d 953, 954 (7th Cir. 2003).

Claims based on the violation of the Treaty of Peace and Friendship have repeatedly been found to be frivolous. See, e.g., Ingram El v. Crail, No. 2:18-cv-1976 MCE EFB PS, 2019 WL 3860192, at *3 (E.D. Cal. Aug. 16, 2019) ("Plaintiff's Moorish citizenship argument is a frivolous attempt to establish diversity jurisdiction where none exits, and the ploy is not new."); El-Bey v. North Carolina, No. 5:11-CV-00423-FL, 2012 WL 368374, at *2 (E.D. N.C. Jan. 9, 2012) ("any claim based on the contention that Plaintiffs are not subject to the laws of North Carolina because of their alleged Moorish nationality and the Treaty of Peace and Friendship of 1787 is frivolous"); El Ameen Bey v. Stumpf, 825 F.Supp.2d 537, 558 (D. N.J. 2011) ("a litigant's reliance on any Barbary Treaty, including on the Treaty with Morocco, for the purposes of a civil suit raising claims based on the events that occurred within what is the United States' geographical territory is facially frivolous.").

////

Accordingly, for the reasons stated above, the undersigned finds that defendants' motion to dismiss should be granted.

**II.     Leave To Amend**

The undersigned has carefully considered whether plaintiff could further amend the complaint to state a claim upon which relief could be granted.  Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

In light of the deficiencies noted above, the undersigned finds that it would be futile to grant plaintiff further leave to amend.  Therefore, the undersigned will recommend that plaintiff not be granted further leave to amend.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's September 4, 2019 motion to proceed in forma pauperis (ECF No. 2) is denied as having been rendered moot; and

2.  Defendant's October 23, 2019 motion for an extension of time (ECF No. 7) is denied as having rendered moot.

Also, IT IS HEREBY RECOMMENDED that:

1. Defendants' November 27, 2019 motion to dismiss (ECF No. 17) be granted;

2. The amended complaint be dismissed without further leave to amend; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure

to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 29, 2020

                                                                                                                          */s/ Deborah Barnes*
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\bey1745.mtd.f&rs